

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

KEN YIU

No. 1:25-cr-25 FEB 12 P 3:45
00022-SDN

**INDICTMENT**

The Grand Jury charges:

<u>General Allegations</u>

1.  Defendant, KEN YIU, at all relevant times resided in New York, New York.

2.  MAINE BANK 1 is a financial institution with locations throughout central and southern Maine.

3.  MAINE BANK 1's accounts are insured by the Federal Deposit Insurance Corporation.

4.  The defendant became the owner of record of a property in Saint Albans, Maine (the "Saint Albans Property") in about August 2020. The Saint Albans Property was purchased by the defendant with approximately $80,000 in residential mortgage loan financing provided by MAINE BANK 1.

5.  At all relevant times, MAINE BANK 1 was the holder of the residential mortgage granted in the name of the defendant, with rights in the Saint Albans Property under a security instrument and promissory note.

6.  Beginning in about July 2020 and continuing through about August 2020, the defendant executed and attempted to execute a scheme to defraud MAINE BANK 1 and to obtain mortgage loan financing from MAINE BANK 1 based on false and fraudulent pretenses, representations, and promises, namely, that he intended to occupy

1

and use the Saint Albans Property as his primary residence.

7. The scheme resulted in MAINE BANK 1 disbursing a total amount of approximately $80,000 in fraudulently obtained residential mortgage loan proceeds, which funds were used by the defendant to purchase the Saint Albans Property for the purpose of illegally cultivating and manufacturing marijuana, rather than for use as his primary residence.

**COUNT ONE**
Making a False Statement and Report
(18 U.S.C. § 1014)

8. Paragraphs 1 through 7 are incorporated by reference as if fully set forth herein.

9. On about July 22, 2020, in the District of Maine and elsewhere, the defendant,

KEN YIU,

knowingly made a false statement or report for the purpose of influencing the action of MAINE BANK 1, an institution the accounts of which were and are insured by the Federal Deposit Insurance Corporation, in connection with an application, purchase, purchase agreement, commitment, and loan. Specifically, the defendant electronically signed and submitted a borrower's certification and authorization to MAINE BANK 1 in connection with seeking residential mortgage loan financing to purchase the Saint Albans Property. The borrower's certification and authorization certified that the defendant had completed a loan application for the Saint Albans Property containing true and correct information and that no misrepresentations were made. To the contrary, as the defendant well knew, in the loan application he falsely agreed, acknowledged, and misrepresented that he intended to occupy and use the Saint Albans

Property as his principal residence, when in fact he had no intention of occupying and using the Saint Albans Property as his principal residence and instead purchased the Saint Albans Property for the purpose of illegally cultivating and manufacturing marijuana.

10. Thus, the defendant violated Title 18, United States Code, Section 1014.

**COUNT TWO**
Bank Fraud
(18 U.S.C. § 1344)

11. Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

12. On about August 18, 2020, in the District of Maine and elsewhere, the defendant,

KEN YIU,

knowingly executed and attempted to execute a scheme and artifice to defraud MAINE BANK 1, a financial institution, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of MAINE BANK 1, by means of materially false and fraudulent pretenses, representations, and promises. Specifically, in order to falsely induce MAINE BANK 1 to issue approximately $80,000 in residential mortgage loan financing, the defendant granted a mortgage to MAINE BANK 1 in the Saint Albans Property under a security instrument and promissory note wherein the defendant misrepresented that he intended to occupy and use the Saint Albans Property as his principal residence. The defendant had no intention of occupying and using the Saint Albans Property as his principal residence and instead intended to use the Saint Albans Property for the purpose of illegally cultivating and manufacturing marijuana.

13. Thus, the defendant violated Title 18, United States Code, Section 1344.

## COUNT THREE
Maintaining a Marijuana-Involved Premises
(21.S.C. § 856(a)(1))

14. Paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

15. From on about September 2020 and continuing through at least about January 2024, in the District of Maine, the defendant,

KEN YIU,

unlawfully and knowingly opened, used and maintained the Saint Albans Property for the purpose of manufacturing and distributing marijuana, a controlled substance.

16. Thus, the defendant violated Title 21, United States Code, Section 856(a)(1).

## FIRST FORFEITURE NOTICE

17. Upon conviction of any of the offenses in violation of Title 18, United States Code, Sections 1014 and 1344, as set forth in Counts One and Two of this Indictment, the defendant,

KEN YIU,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of the offenses including, but not limited to, a money judgment in the amount of all such proceeds.

18. If any of the property described in Paragraph 17, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant—

a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described herein.

19. All pursuant to 18 U.S.C. § 982.

## SECOND FORFEITURE NOTICE

20. Upon conviction of the offense in violation of Title 21, United States Code, Section 856, as set forth in Count Three of this Indictment, the defendant,

KEN YIU,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of the offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to, a money judgment in the amount of all such proceeds.

21. If any of the property described in Paragraph 20, above, as being forfeitable pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendant—

   a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described herein.

22. All pursuant to 21 U.S.C. § 853.

Dated February 12, 2025, at Bangor, Maine.

A TRUE BILL

*Signature Redacted – Original on file with the Clerk's Office*

FOREPERSON

_____
ASSISTANT UNITED STATES ATTORNEY