UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:25-cr-00022-SDN |
| KEN YIU | |

**PROSECUTION VERSION OF THE OFFENSES**
**(18 U.S.C. § 1014 & 21 U.S.C. § 856(a)(1))**

If this case were to proceed to trial, the United States Attorney would establish the following facts through witness testimony, physical evidence, and documentary evidence to prove beyond a reasonable doubt that the defendant, Ken Yiu, made a false statement and report in violation of 18 U.S.C. § 1014 and maintained a marijuana-involved premises in violation of 21 U.S.C. § 856(a)(1):

On about July 18, 2020, the defendant electronically submitted a mortgage loan application to MAINE BANK 1 for an $80,000 conventional fixed-rate 25-year mortgage loan to purchase a property in Saint Albans, Maine (the "Saint Albans Property"). In the declarations section of the loan application, he answered "Yes" to the question, "Do you intend to occupy the property as your primary residence?" On about July 22, 2020, the defendant electronically signed and submitted a borrower's certification and authorization form to MAINE BANK 1 in connection with seeking residential mortgage loan financing to purchase the Saint Albans Property. In the form, the defendant certified that all of the information in his earlier loan application was true and that he had made no misrepresentations in the loan application, including concerning information about the purpose of the loan being for his primary residence.

The defendant became the owner of record of the Saint Albans Property in about August 2020, which he purchased with approximately $80,000 in residential mortgage loan financing provided by MAINE BANK 1. The defendant was at all relevant times a resident of New York, New York. The defendant never intended to occupy and use the Saint Albans Property as his residence.

The defendant instead purchased the Saint Albans Property for the purpose of illegally cultivating and manufacturing marijuana there. From about September 2020 through about January 2024, the defendant unlawfully and knowingly opened, used and maintained the Saint Albans Property for the purpose of manufacturing and distributing marijuana. The defendant paid the electrical utilities and property taxes on the Saint Albans Property. The defendant also purchased equipment and materials used to grow marijuana at the Saint Albans Property. On about December 13, 2024, federal law enforcement agents interviewed the defendant in Brooklyn, New York. During the interview, the defendant admitted "growing weed" at the Saint Albans Property until about January 2024. The defendant admitted selling the marijuana he grew to buyers in Massachusetts. A federal search warrant for the Saint Albans Property was executed on about January 8, 2025. The resulting search confirmed that the Saint Albans Property had been used and maintained by the defendant for the purpose of manufacturing and distributing marijuana.

Marijuana is a controlled substance. Neither the defendant nor the Saint Albans Property was licensed through the Maine Office of Cannabis Policy.

MAINE BANK 1 is a financial institution with locations throughout central and southern Maine, the accounts of which are insured by the Federal Deposit Insurance Corporation. At all relevant times, MAINE BANK 1 was the holder of the residential

mortgage granted in the name of the defendant, with rights in the Saint Albans Property under a security instrument and promissory note. MAINE BANK 1 underwrote the mortgage loan specifically for a primary residence. Primary residence loans (as compared against investment financings) received lower interest rates, were fixed rate rather than adjustable rate, and were considered less risky by MAINE BANK 1. MAINE BANK 1 carried the loan on its own balance sheet as secured by the Saint Albans Property. MAINE BANK 1 issued the loan for the Saint Albans Property on the understanding that the defendant would be occupying the residence as its owner.

Had the case proceeded to trial, the Government would have offered evidence including but not limited to: the defendant's statements to law enforcement officers; the testimony of federal and state law enforcement agents; the testimony of percipient witnesses; photographs and physical evidence; financial and other business records; and audio and/or video recorded evidence.

Dated: December 1, 2025　　　　　　　ANDREW B. BENSON
　　　　　Bangor, Maine　　　　　　　　United States Attorney


　　　　　　　　　　　　　　　　　　　**/s/ ANDREW K. LIZOTTE**
　　　　　　　　　　　　　　　　　　　ANDREW K. LIZOTTE
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney


## CERTIFICATE OF SERVICE

　　　　I hereby certify that on December 1, 2025, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

3

Andrew B. Benson
U.S. Attorney

<u>BY: /s/ Andrew K. Lizotte</u>
Andrew K. Lizotte
Assistant United States Attorney